LAUNCELOT A. HARTMAN *et al.*, Respondents, *v.* CYRUS B. SHARP *et al.*, Appellants.

1. *Mechanics' lien—Owner of property—Amendments, etc.*—Where judgment on a mechanic's lien affected only the premises charged with the lien, the contractor, against whom no personal judgment had been obtained in the proceedings, could not raise the objection that new property of the owner had been brought in by amendments to the plaintiff's petition after the same had been originally filed. (See Wagn. Stat. 1004, § 12.)

*Appeal from Montgomery Circuit Court.*

*E. M. Hughes*, for appellants.

*Sanders & Carkener*, for respondents.

ADAMS, Judge, delivered the opinion of the court.

The plaintiffs were lumber merchants, and as such sold to the defendants, Cyrus B. and Andrew J. Sharp, a bill of lumber amounting to the sum of $131.87. The defendants, Sharp & Sharp, had contracted with the owner of lot 4 of block 25 in the town of New Flórence, Montgomery county, to build a one-story dwelling-house and other improvements on this lot, and the bill of lumber was furnished and used for that purpose. The contract for building the house, etc., was made with Anthony W. Sharp, the then owner of the lot, but who ceased to be owner, and the defendant Thomas J. Powell became the owner of the premises before the filing of the lien for the lumber.

The plaintiffs, under the mechanics' lien law, filed a lien for the amount of their account against the building and lot, and brought this suit to enforce their lien.

Before suit was brought, the defendants, Sharp & Sharp, became non-residents of the State, and were brought before the court by order of publication. At the return term the plaintiffs amended their petition so as to show with whom the contract was made for building the house, and that the lumber was used for building the house and a fence on the premises. The defendant Powell appeared and filed answer, and defended the suit as owner of the premises. A judgment by default was rendered against the Sharps, who failed to appear or plead ; and upon the trial between the plaintiffs and Powell, the court found the issues for the plaintiffs and rendered final judgment against the defendants, Sharp & Sharp, to be levied out of the premises charged with the lien.

Afterwards the defendants, Sharp & Sharp, filed a motion to set aside the judgment upon the ground that amendments were made to the petition as hereinbefore stated. The court overruled this motion, and the defendants have brought the case here by appeal.

By section 12, page 1054, Wagner's Statutes, it is provided that " whenever an interlocutory judgment shall be rendered for the plaintiff, the damages or other relief shall not be other or greater than that which he shall have demanded in the petition as originally filed and served on the defendant; but in any other case the courts may grant him any relief consistent with the case made by the plaintiff and embraced in the issue."

The amendments made by the plaintiffs to their petition did not touch any of the rights of the Sharps. They had no interest in the property to be affected by the judgment. The defendant Powell, as owner of the property, was alone interested in these amendments, and he is not complaining. The judgment against the Sharps is not for any other or greater relief than was prayed for by the petition as originally filed. There is no personal judgment against them, and there could be none on an order of publication.

The judgment only ascertains the amount due the plaintiffs, and is not a personal judgment, but is a judgment *in rem* rendered on the lien against the house and lot. The court did not err in overruling the defendants' motion to set aside this judgment.

Judgment affirmed. The other judges concur.